**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONTINENTAL CASUALTY,<br><br>    Plaintiff,<br><br>    v.<br><br>QUICK ENTERPRISES, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 12-2351 (MLC)<br><br>**O P I N I O N** |

**THE PLAINTIFF**, Continental Casualty ("Continental"), acting as the assignee of its insured, Computer Wholesales, Inc., brought this action in state court against the defendants, England Logistics, Inc. ("England") and Quick Enterprises ("Quick") (collectively, "Defendants").  (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl.)[1]  Continental seeks damages for Defendants' alleged negligence and strict liability.  (See generally id.)

**DEFENDANTS** removed the action to this Court.  (Rmv. Not.)  England now moves to dismiss the claims asserted against it, arguing that the claims presented in the Complaint are preempted by the Carmack Amendment, 49 U.S.C. § 14706, et seq.  (Dkt. entry no. 4, England Br. at 4-6.)  Quick separately moves to dismiss the claims asserted against it as preempted by the Carmack Amendment,

---

[1] England was mistakenly sued as both "CR England" and "England Logistics".  (See Compl.; dkt. entry no. 4, England Mot. at 1 (identifying error).)

and incorporates England's preemption argument.  (See dkt. entry no. 7, Quick Br. at 1.)  Continental opposes the England Motion but has not filed opposition to the Quick Motion.

**THE COURT** will resolve the Motions without oral argument pursuant to Local Civil Rule 78.1(b).  We will, to the extent that Continental failed to oppose the Quick Motion, examine the Complaint to determine whether it states a claim upon which relief may be granted.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 29-30 (3d Cir. 1994).

**THE CARMACK AMENDMENT** "creates a uniform rule for carrier liability when goods are shipped in interstate commerce" and thus "preempts state law claims arising from failures in the transportation and delivery of goods." Smith v. United Parcel Serv., 296 F.3d 1244, 1246 (11th Cir. 2002).  It is "comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination". N.Y., Phila., & Norfolk R.R. Co. v. Peninsula Produce Exch. of Md., 240 U.S. 34, 38 (1916); see also Adams Express Co. v. Croninger, 226 U.S. 491, 505-06 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it."); N. Am. Van Lines, Inc. v.

Pinkerton Sec. Sys., Inc., 89 F.3d 452, 456 (7th Cir. 1996) (concluding that Carmack Amendment "preempts all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments").

**THE COURT** further recognizes that the United States Court of Appeals for the Third Circuit ("the Third Circuit") has not considered whether the Carmack Amendment preempts common law claims for negligence and liability, when such claims arise out of a carrier's interstate transport and delivery of (or failure to deliver) goods.  We are, however, persuaded by the great body of federal case law that the Carmack Amendment preempts such claims. See, e.g., White v. Mayflower Transit, L.L.C., 543 F.3d 581, 584-85 (9th Cir. 2008) ("The Carmack Amendment constitutes a complete defense to common law claims against interstate carriers for negligence"); Moffit v. Bekins Van Lines Co., 6 F.3d 305 (5th Cir. 2002) (upholding Carmack Amendment preemption of state law claims for, inter alia, negligence); Smith, 296 F.3d at 1247-48 (same); Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 706 (4th Cir. 1993) ("[T]he Carmack Amendment was intended by Congress to create a national uniform policy regarding the liability of carriers under a bill of lading for goods lost or damaged in shipment.  Allowing a shipper to bring common law breach of contract or negligence claims

against a carrier for such loss or damage conflicts with this policy.").

**THE THIRD CIRCUIT** has also not addressed whether the Carmack Amendment preempts state law claims raised against freight brokers. It appears, however, that several other courts have considered the issue and found that the Carmack Amendment does not preempt such claims. See Chatelaine, Inc. v. Twin Modal, Inc., 737 F.Supp.2d 638, 641 (N.D. Tex. 2010); Oliver Prods. Co. v. Foreway Mgmt. Servs., Inc., No. 06-26, 2006 WL 2711515, at *1-2 (W.D. Mich. May 24, 2006); Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys., Inc., 243 F.Supp.2d 1064, 1068-69 (C.D. Cal. 2002) ("most courts hold that brokers may be held liable under state tort or contract law in connection with shipments"); Commercial Union Ins. Co. v. Forward Air, Inc., 50 F.Supp.2d 255, 257-58 (S.D.N.Y. 1995) ("the Carmack Amendment does not bar suits against brokers").

**ENGLAND** holds itself out as and premises the England Motion on its status as a freight broker. (See England Motion at 2.)  The Court thus concludes that the claims raised in the Complaint, inasmuch as they are raised against England, are not preempted. See, e.g., Chatelaine, 737 F.Supp.2d. at 641.  The Court is constrained to conclude, however, that the same claims, inasmuch as they are raised against Quick, are preempted. See, e.g., White, 543 F.3d at 584-85.

4

**THE COURT** will thus, for good cause appearing, deny the England Motion and grant the Quick Motion.  We will dismiss the claims asserted against Quick with prejudice because Continental failed to respond to the Quick Motion.  We will also remand the action to state court, inasmuch as it concerns England, because it appears for the reasons set forth above that the action now involves only state law claims.  See 28 U.S.C. § 1367(c)(3).

**THE COURT** will enter an appropriate Order and Judgment.

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Date:    June 29, 2012